# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS, ) | 1:03-CV-6176 LJO JMD HC |
| ) | |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | REGARDING PETITION FOR WRIT OF |
| ) | HABEAS CORPUS |
| A.K. SCRIBNER, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a valid judgment of commitment. (Answer at 1.) Petitioner was convicted of first-degree murder in 1977 and sentenced to state prison for seven years to life. (Id.; Petition at 2.)

On January 7, 1999, Petitioner attended a parole hearing before the Board of Prison Terms. The commissioners at the hearing recommended his parole. (Respondent's Lodging of Exhibits, Ex. 3 at 44.)[1] In April 1999, the Decision Review Unit of the Board of Prison Terms (hereinafter

---

[1] The Court hereby takes judicial notice of Respondent's exhibits 1-6 and 12, as they are records and reports of the California Department of Corrections. Interstate Nat. Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954) ("We may take judicial notice of records and reports of administrative bodies.").

"DRU") disapproved the recommendation to parole Petitioner. (Id., Ex. 4.) On July 28, 1999, Petitioner presented an administrative appeal of the disapproval of the tentative parole decision. (Id., Ex. 5.) On January 11, 2000, the Board of Prison Terms denied the administrative appeal. (Id., Ex. 6.)

On August 21, 2001, Petitioner filed a petition for writ of habeas corpus in the Los Angeles Superior Court. (Id., Ex. 7.)[2] On September 6, 2001, the petition was transferred to the Kings County Superior Court. On September 13, 2001, the court denied the petition. (Id., Ex. 8.)

On October 12, 2001, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Id., Ex. 9.) On January 17, 2002, the court summarily denied the petition. (Id., Ex. 10.)

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. On January 15, 2003, the court summarily denied the petition. (Id., Ex. 11.)

On March 3, 2002, Petitioner filed the instant petition in this Court. The petition presents the following four grounds for relief: 1) "denied due process when the Board of Prison Terms (BPT) Decision Review Unit (DRU) rescinded his parole date without good cause"; 2) "[t]he State court adjudication of instant petition for writ of habeas corpus constitutes 'an unreasonable determination of the facts in light of the evidence'"; 3) "abuse of discretion for the BPT to ignore the statutes wherein matrix is set as a parole guideline"; and 4) "denied Equal Protection under the law when the BPT fails to abide by establi[sh]ed laws and precedents when adjudicating his cause." (Petition at 5-6.)

On April 5, 2004, Respondent filed an answer to the petition.

On June 22, 2004, Petitioner filed a traverse to the answer.

On July 25, 2005, Respondent filed a supplemental answer.

On October 12, 2005, Petitioner filed a traverse to the supplemental answer.

---

[2] The Court hereby takes judicial notice of Respondent's exhibits 7-11, as they are state court records. Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1138 n.2 (C.D. Cal. 2006) (stating that federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

**FACTUAL BACKGROUND**

In April 1999, the DRU disapproved the Board's previous recommendation that Petitioner be paroled. (Respondent's Lodging of Exhibits, Exs. 3-4.) The DRU cited the gravity of Petitioner's crime, his poor institutional behavior, and Petitioner's "extremely high" classification score as the basis for disapproving the recommendation. (Id., Ex. 4.) On July 28, 1999, Petitioner presented an administrative appeal of the disapproval of the tentative parole decision. (Id., Ex. 5.) On January 11, 2000, the Board of Prison Terms denied the administrative appeal, finding that the reasons given for the disapproval of Petitioner's parole were valid and supported by the evidence. (Id., Ex. 6.)

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, Petitioner is confined in California State Prison - Corcoran, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>see</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>see</u> <u>Williams</u>, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Id.</u>, *quoting* <u>Williams</u>, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." <u>Id.</u>

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." <u>Id.</u> at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state

court's application of clearly established federal law was "objectively unreasonable." <u>Id.</u> at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. <u>See</u> <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III. Review of Petitioner's Claims**

    **A. Grounds One, Two, and Three: Due Process**

Petitioner, in the first three grounds of his petition, argues that the DRU violated his due process rights when it disapproved the tentative parole decision without any reasonable justification to do so. Petitioner argues that he has a cognizable liberty interest in parole, that he has already served in excess of the matrix guidelines for his offense and culpability, and that the purported reasons for disapproving the parole decision were merely contrivances not based on the factual record.

This claim was presented in a petition for writ of habeas corpus to the Kings County Superior Court, which was denied on the merits on September 13, 2001. (Respondent's Lodging of Exhibits, Exs. 7-8.) The issue was then raised in petitions to the California Court of Appeal and California Supreme Court, which were summarily denied. (<u>Id.</u>, Exs. 9-11.) The Court of Appeal and California Supreme Court, by their "silent orders" denying the petitions, are presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Superior Court found that he had made no showing of procedural impropriety or abuse of discretion by the DRU and that Petitioner had not presented any

substantial evidence showing a pattern of discrimination.  (Respondent's Lodging of Exhibits, Ex. 8.)

"We analyze a due process claim in two steps. '[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1127 (9th Cir. 2006).  California's parole scheme gives rise to a cognizable liberty interest in release on parole.  Id. at 1127-28.  However, "because parole proceedings are not part of the criminal prosecution, the full panoply of rights due a defendant in a criminal proceeding is not constitutionally mandated. [Citation] Instead, the due process rights that flow from a liberty interest in parole are limited: the prisoner must be provided with notice of the hearing, an opportunity to be heard, and if parole is denied, a statement of the reasons for the denial. [Citations] In addition, due process requires that 'some evidence' support the parole board's determination, and that the evidence relied upon must possess 'some indicia of reliability.' [Citation] The 'some evidence' standard is satisfied if there is any reliable evidence in the record that could support the conclusion reached. [Citation] Finally, determining whether the 'some evidence' standard was met does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." Rosenkrantz v. Marshall, 444 F.Supp.2d 1063, 1079-80 (C.D. Cal. 2006).

The state court's determination that Petitioner's due process rights were not violated when the DRU disapproved his parole recommendation was not unreasonable.  Petitioner was provided a parole hearing in which he and his counsel took part.  (Respondent's Lodging of Exhibits, Ex. 3.)  He was provided with the written opinion of the DRU disapproving the recommendation of his parole, an opportunity to appeal the decision, and a written opinion denying his appeal.  (Id., Exs. 4-6.)  The DRU also set forth the factual basis supporting its decision to disapprove Petitioner's parole.  The reasons cited were 1) the gravity of Petitioner's crime, which involved a violent robbery wherein one of the victims was shot and killed in front of his wife and child; 2) Petitioner's poor institutional behavior, which involved 13 serious and 19 minor disciplinary infractions occurring over a twenty year period; and 3) Petitioner's extremely high classification score demonstrating his inability to

abide by prison rules.  (Id., Ex. 4; Petition, Ex. O.)  These facts are sufficient to show that there was "some evidence" supporting the DRU's decision.  See Hayward v. Marshall, 512 F.3d 536, 543 & n.8 (9th Cir. 2008) (recognizing that factors showing unsuitability for parole include committing the offense in an especially heinous, atrocious, or cruel manner and engaging in serious misconduct while in prison); Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) ("The evidence of Sass' prior offenses and the gravity of his convicted offenses constitute some evidence to support the Board's decision.").

### B.  Ground Four: Equal Protection

Petitioner argues that the Board of Prison Terms violated his equal protection rights by failing to parole him despite the fact that he has served in excess of the period prescribed by the matrix of base terms for first degree murder.  Petitioner claims to be similarly situated to other prisoners to whom the matrix is applicable.

This claim was presented in a petition for writ of habeas corpus to the Kings County Superior Court, which was denied on the merits on September 13, 2001.  (Respondent's Lodging of Exhibits, Exs. 7-8.)  The issue was then raised in petitions to the California Court of Appeal and California Supreme Court, which were summarily denied.  (Id., Exs. 9-11.)  The Court of Appeal and California Supreme Court, by their "silent orders" denying the petitions, are presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Superior Court found that he had made no showing of procedural impropriety or abuse of discretion by the DRU and that Petitioner had not presented any substantial evidence showing a pattern of discrimination.  (Respondent's Lodging of Exhibits, Ex. 8.)

"A petitioner raising an equal protection claim in the parole context must demonstrate that he was treated differently from other similarly situated prisoners and that the BPT lacked a rational basis for its decision."  Johnson v. Runnels, 2007 WL 312944, *8 (E.D. Cal. 2007); see also McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991).

The state court's determination that the denial of Petitioner's parole did not violate his equal

protection rights was not unreasonable. Petitioner is not entitled to a parole date identical to other prisoners, including his crime partner, or to a parole date based solely on the matrix of base terms. See Patten v. North Dakota Parole Bd., 783 F.2d 140, 144 (8th Cir. 1986); Cal. Code Regs., tit. 15, § 2281(a) (2008) ("Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison."). Further, Petitioner has failed to set forth specific facts demonstrating that similarly-situated individuals received more favorable treatment in the context of their parole or that the Board of Prison Terms lacked a rational basis for its decision to deny his parole. See Quinteros v. Hernandez, 419 F.Supp.2d 1209, 1217-18 (C.D. Cal. 2006) (stating that conclusory claims that are not supported by a statement of specific facts do not warrant habeas relief).

### C. Respondent's Statute of Limitations Defenses

Respondent argues that Petitioner's claims are barred because he failed to file a timely petition for relief in state court. Respondent argues that Petitioner has not set forth facts constituting good cause for the substantial delay.

"If an issue is presented to the state courts, procedural default will not preclude federal review unless the state court invokes a procedural bar as an independent basis for its disposition of the case." Larson v. Palmateer, 515 F.3d 1057, 1066 n.1 (9th Cir. 2008); see also Harris v. Reed, 489 U.S. 255, 261-62 (1989). Here, this Court's review is not precluded as the state courts did not invoke a procedural bar to dispose of Petitioner's claims.

Respondent further argues, however, that this petition is untimely because Petitioner failed to file it within the applicable one-year limitations period.

The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Subdivision (d)(1) reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period on a claim challenging a parole decision commences on the date the administrative decision becomes final. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). Here, Petitioner had one year from January 11, 2000, the date his administrative appeal was denied, to file his federal petition. See id. at 1084. Absent tolling, this petition is untimely as Petitioner did not file it until March 3, 2002.

Statutory and Equitable Tolling

The AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Here, the limitations period expired on January 12, 2001–over seven months before Petitioner filed his first application for collateral review in state court. Because the limitations period had already expired, the collateral challenges had no tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner has not set forth sufficient facts to demonstrate that his failure to file a timely federal petition was due to external forces or to extraordinary circumstances beyond his control. Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 5, 2008**                    /s/ John M. Dixon
                                             UNITED STATES MAGISTRATE JUDGE